IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TERRY RAY UPTAIN, #183276,  )  <br>                                                       ) <br>            Petitioner,                        ) <br>                                                       ) <br>v.                                                     ) <br>                                                       ) <br>ARNOLD HOLT, *et al.*,               ) <br>                                                       ) <br>            Respondents.                   ) | Civil Action No. 2:06cv1051-WKW <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Terry Ray Uptain ("Uptain") brought this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, alleging that federal authorities have wrongfully failed to credit his federal sentence for time he spent in federal custody serving another sentence and for time he spent in state custody.[1] For the reasons set out below, the court finds that Uptain's claims lack merit and that he has failed to demonstrate his entitlement to habeas corpus relief.

**I.   FACTUAL BACKGROUND**

Uptain has an extensive criminal history, with numerous convictions in state and federal court dating back to the mid-1970s. He has been paroled a number of times, and his

---

[1] Uptain filed his habeas petition (Doc. No. 1) on November 21, 2006. He was subsequently allowed to amend his petition. (See Doc. Nos. 20 & 21.) He is currently serving an Alabama prison sentence with a "short time" release date of February 1, 2021. (See Respondents' Exhibit BB.) In December 2004, federal authorities issued a parole violation warrant against Uptain, lodging the warrant as a detainer. In his petition, Uptain contends that his federal sentence, if properly calculated, has been completed and that therefore federal authorities were without jurisdiction to lodge the detainer against him.

parole has been revoked several times. During the 1970s, he was sentenced to multiple terms for various federal offenses committed in several jurisdictions. Those sentences – which, when added together, totaled 25 years – included the following:

– a 5-year term, imposed by this court in May 1975, for conspiracy to commit bank robbery;

– a consecutive term of 15 years' imprisonment for wire fraud, imposed in September 1976 by the United States District Court for the Western District of Louisiana;

– a consecutive term of 5 years, also for wire fraud, imposed in December 1976 by the United States District Court for the Middle District of Tennessee;

– a concurrent term of 5 years for the offense of failure to appear, imposed in April 1977 by the United States District Court for the Northern District of Georgia;

– a concurrent term of 5 years, imposed by the same court in January 1978, for the offense of obtaining money by fraud.

(Respondents' Exhibits A & B.)

Uptain was paroled on his original (25-year) federal sentence[2] on February 2,1983, at which time the United States Parole Commission ("Commission") ordered that he remain under its supervision until June 2001. (Respondents' Exhibit C.)

Not long after his 1983 parole, Uptain was charged with committing several new bank robberies. (Respondents' Exhibits D1 & D2.) Based on these new charges, the Commission issued a parole violation warrant against Uptain in October 1983, lodging the warrant as a

---

[2]Where this Recommendation refers to Uptain's "original federal sentence," it is referring to the composite term of 25 years' imprisonment stemming from Uptain's various federal convictions in the 1970s.

detainer. (Respondents' Exhibits E1-E3.) In January 1984, Uptain entered guilty pleas in the United States District Court for the Northern District of Alabama to two counts of bank robbery. (Respondents' Exhibits D1 & D2; E1-E3.) For these convictions, Uptain was sentenced to concurrent terms of 13 years and 5 years in prison. (*Id*.)

In December 1984, the Commission conducted a parole revocation hearing based on Uptain's new convictions. (Respondents' Exhibit F.) Following the hearing, the Commission revoked Uptain's parole and ordered that none of the time he had spent on parole be credited against his federal sentence. (*Id*.) In addition, the Commission ordered that the unexpired portion of Uptain's original federal sentence would commence when he was released from his intervening sentence for the bank robbery convictions. (*Id*.) The Commission set Uptain's presumptive parole date as January 9, 1992, later modifying that date to July 9, 1991. (*Id*.; Respondents' Exhibit G.)

In February 9, 1989, Uptain's 1984 bank robbery convictions were modified, and he was resentenced to time served on one of the counts, with the second count being dismissed. (Respondents' Exhibit H.) Uptain was paroled on July 9, 1990, with the Commission ordering that he remain under its supervision until June 8, 2002. (Respondents' Exhibits I & J.)

On February 21, 1995, Uptain's probation officer notified the Commission that Uptain had recently pled guilty to state drug charges of first-degree possession of marijuana and was free on bond pending a sentencing hearing scheduled for June of that year. (Respondents' Exhibit K.) On April 5, 1995, the Commission issued a parole violation warrant for Uptain,

3

which was lodged against him as a detainer. (Respondents' Exhibits M1 & M2; Doc. No. 29 - Exhibit. 1.) Uptain absconded from supervision and failed to report for sentencing on the state conviction. (Respondents' Exhibit L.) He was later captured and, on August 23, 1995, the Circuit Court of Lauderdale County, Alabama, sentenced him to 25 years in prison on the new conviction. (*Id.*) On September 5, 1995, the Commission supplemented its parole violation warrant to indicate the new conviction and sentence. (Respondents' Exhibit N1.)

It appears that Uptain was paroled from his state sentence on October 5, 1998. He was taken into custody by federal authorities on March 1, 2000. (Respondents' Exhibit O.) The Commission then supplemented its parole violation warrant with additional information regarding Uptain's involvement in drug trafficking. (Respondents' Exhibit P.) A parole revocation hearing was held on July 26, 2000, after which the Commission revoked Uptain's parole and again ordered that none of the time he had spent on parole be credited against his federal sentence; the Commission further ordered that Uptain be re-paroled after serving 45 months. (Respondents' Exhibits Q & R.) Uptain was re-paroled on September 26, 2000, and the Commission ordered that he must remain under its supervision until January 29, 2012. (Respondents' Exhibit S.)

On December 10, 2004, Uptain's probation officer notified the Commission that a criminal arrest warrant had recently been issued by local authorities in Colbert County, Alabama, alleging that Uptain had written a check for $4,800 on a closed account and that there were numerous other similar cases against Uptain being presented to a grand jury. In

4

addition, the probation officer reported that Uptain had once again absconded from supervision. (Respondents' Exhibit T.)

On December 28, 2004, the Commission issued a new parole violation warrant against Uptain, this one alleging new violations based on his failure to report and his most recent state offenses. (Respondents' Exhibits U1 & U2.) The warrant included instructions advising the United States Marshal as follows: "If the parolee is already in the custody of federal or state authorities, do not execute this warrant. Place a detainer and notify the Commission." (Respondents' Exhibit U3.) Additionally, the instructions stated: "Since a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence." (*Id.*)

On February 11, 2005, despite the Commission's instructions and despite the criminal arrest warrant issued against Uptain by Lauderdale County, Alabama, authorities (as well as another felony warrant issued against Uptain by authorities in Lawrence County, Tennessee), the United States Marshals Service executed the Commission's parole violation warrant. (Respondents' Exhibits V, W & X.) When the Commission learned that its warrant had been executed, it informed the Marshals Service that execution of the warrant was contrary to its instructions, as there were various outstanding local warrants against Uptain that should have taken precedence over the Commission's warrant. On February 24, 2005, the Commission ordered that Uptain be released from the custody of its warrant and that he be reinstated conditionally to supervision. The Commission further ordered that its warrant be lodged as a detainer in accordance with its original instructions. (Respondents' Exhibit AA.)

Uptain therefore remained in state custody.  He was subsequently convicted in the Circuit Court of Lauderdale County on charges of theft of property and was sentenced on November 8, 2006, to a term of 20 years in prison.  (Respondents' Exhibit BB.)  He is currently an inmate in an Alabama penitentiary.

## II.   DISCUSSION

Uptain contends that federal authorities have incorrectly calculated his federal sentence by failing to credit the sentence with time he spent in federal custody serving another sentence and for time he spent in state custody.  Specifically, Uptain argues that federal authorities have wrongfully denied him credit for time served in federal custody for his 1984 bank robbery convictions and for time spent in state custody for his 1995 conviction for first-degree possession of marijuana. There is no merit to Uptain's argument.

Following the revocation of Uptain's federal parole in December 1984 based on his new bank robbery convictions, the Commission specifically ordered that the unexpired portion of Uptain's original federal sentence would commence only when he was released from his intervening federal sentence for the bank robbery convictions.  (Respondents' Exhibit F.)  Under 18 U.S.C. § 4210(b)(2), the United States Parole Commission has exclusive authority to decide the question of whether the sentence imposed for a crime committed while on parole will be served consecutively or concurrently with the parole violator term (i.e., in this case, the time remaining on Uptain's original federal sentence). *King v. United States Parole Comm'm*, 744 F.2d 1149, 1451-52 (11th Cir. 1984).  *See also Tijerina v. Thornburgh*, 884 F.2d 861, 864 (5th Cir. 1989).  In the exercise of its discretion,

"the Parole Commission has adopted, and the Supreme Court has approved of, a policy favoring the consecutive service of sentences, and the delayed execution of parole violator warrants until the prison term for the second crime has expired." *Tijerina*, 884 F.2d at 864 (citing *Moody v. Daggett*, 429 U.S. 78, 84-86 (1976)); *see also* 28 C.F.R § 2.47(e)(2). "Even when the second sentencing judge *orders* concurrent prison terms for the second crime and the parole violation, the Parole Commission may contravene this order." *Tijerina*, 884 F.2d at 864 (emphasis in original). Consequently, the Commission was authorized to order the unexpired portion of Uptain's original federal sentence to commence only upon his release from his intervening federal sentence, and Uptain was not entitled have the time in federal custody for his 1984 bank robbery convictions credited against his original federal sentence.

The same principle obtains with regard to Uptain's claim that he was entitled to credit against his original federal sentence for the time he spent in state custody for his 1995 conviction for first-degree possession of marijuana. Although Uptain contends that it was the intention of the state court judge who sentenced him in 1995 that his state sentence run concurrently with his original federal sentence, the intentions and wishes of the state court judge were not controlling. *See Tijerina*, 884 F.2d at 864. The decision not to credit the time served by Uptain on his intervening state sentence against his original federal sentence was a matter wholly within the discretion of the Commission. *King*, 744 F.2d at 1451-52; *Tijerina*, 884 F.2d at 864. Thus, Uptain has failed to demonstrate the forfeiture of any right by federal authorities when his state sentence was not credited against his original federal sentence.

Nor did the Commission wrongfully deprive Uptain of his "street time" when, after revoking Uptain's parole in 1984 and 2000, it ordered that none of the time he had spent on parole would be credited against his original federal sentence. Pursuant to 18 U.S.C. § 4210(b)(2), a parolee who, while on parole, commits a crime punishable by a term of imprisonment forfeits the time he spent on parole, i.e., his "street time." *See D'Amato v. United States Parole Comm'n*, 837 F.2d 72, 78 (2nd Cir. 1988); 28 C.F.R § 2.52(c)(2). *See also Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1981) ("18 U.S.C. § 4210(b)(2), when interpreted in light of 28 C.F.R. § 2.52, means that a parole violator automatically forfeit his street time when his is convicted of a new offense punishable by imprisonment committed subsequent to his release on parole"); *DeCuir v. United States Parole Comm'n*, 800 F.2d 1021, 1023 (10th Cir. 1986) ("The Commission must order forfeiture of street time whenever a parolee is convicted of a new offense punishable by a term of imprisonment."). Underlying the revocations of Uptain's parole in both 1984 and 2000 were his commission and conviction of new felony offenses. Thus, Uptain properly did not receive sentence credit for time spent on parole prior to these revocations.

Finally, Uptain appears to argue in the amendment to his petition that he is entitled to credit against his original federal sentence for the period from October 5, 1998 – when he was paroled from his state sentence for the marijuana conviction – through March 1, 2000 – when he was arrested and re-taken into custody by federal authorities for purposes of a revocation hearing. However, a parole violation warrant had been issued against Uptain in April 1995 and had been supplemented with additional allegations several times thereafter.

The issuance of the parole violation warrant tolled the running of Uptain's original federal sentence. *See Russie v. United State Dept. of Justice*, 708 F.2d 1445, 1448 (9th Cir. 1983); 28 C.F.R. § 2.44(d). Therefore, Uptain is not entitled to sentence credit for the period between October 5, 1998, and March 1, 2000.

For all the reasons indicated above, this court finds that Uptain has not demonstrated that federal authorities have wrongfully failed to credit his original federal sentence with any time to which he is entitled.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus filed by Uptain be denied as the claims therein do not entitle him to any relief. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **February 9, 2009**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 27th day of January, 2009.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      CHIEF UNITED STATES MAGISTRATE JUDGE